IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
:
UNITED STATES OF AMERICA            :     3:14 CR 69 (MPS)
:
v.                                  :
:
KISHA PERKINS                       :     DATE: NOVEMBER 12, 2014
:
----------------------------------------------------------x

RULING ON PETITION FOR ACTION ON CONDITIONS OF RELEASE

Defendant was arrested on March 14, 2014, and was released on bond that same day.  (Dkts. ##6-11). Among the conditions in the Order Setting Conditions of Release (Dkt. #10)["Release Order"] was that "defendant shall avoid all contact, directly or indirectly (except through counsel) . . . with any person who is or who may become . . . [a] potential witness in the subject investigation or prosecution, including but not limited to James Metz and <u>all</u> employees and inmates of FCI Danbury, with the exception of Glen Britton, who is defendant's Union Representative."   (¶ 21)(emphasis in original).  On that very day, defendant commenced contact with Metz, and further lied about that to her U.S. Probation Officer, resulting in the first Petition for Action on Conditions of Pretrial Release (Dkt. #15), which was the subject of three bond hearings before this Magistrate Judge in March-April 2014.  (Dkts. ##16-17, 20, 23, 25).  At the April 17, 2014 hearing, defendant was released subject to an "Additional Order Setting Conditions of Release" (Dkt. #24)["Supplemental Release Order"], which imposed the additional conditions: five third-party custodians to watch defendant twenty-four hours a day, seven days a week (¶ 10); house arrest (¶ 13); electronic monitoring (¶ 15); and access by the USPO and the third-party custodians to "defendant's computers, smart phones and all other similar electronic devices to ensure that defendant

1

obeys ¶ 21 of the 3/14/14 [Release] Order."  (¶¶ 25-26).  As the USPO has been quoted, defendant was thereafter "hyper-compliant" with these two release orders, so that defendant's Motion to Modify Conditions of Release, to eliminate the third party custodians, was granted, largely absent objection, on September 5, 2014.  (Dkts. ##42-46).

Unfortunately, this seemingly quiet period was disturbed when on Saturday, October 18, 2014, at 9:00 p.m., Johnnie Smith, the secretary to the Warden of FCI Danbury, using her cell phone, called Deputy Chief Gui Pagli,[1] and then "transferred" in another party to the conversation, namely defendant; this conversation, as summarized by Pagli, appears to have been brief.  (Exhs. 1-2).[2]  On October 27, 2014, the USPO filed a second Petition for Action on Conditions of Pretrial Release, the hearing for which was held on November 10, 2014. (See Dkts. ##51-52).

At this hearing, the Assistant United States Attorney ["AUSA"] emphasized that it was the contact itself, not the content of the communications, that mattered.  She contended that she was unable to produce Pagli at this hearing in that he has been transferred to a federal correctional institution in West Virginia.  She described him as a friend of defendant, who would have no incentive to lie.  Defense counsel argued that in light of his transfer, Pagli is no longer an employee of FCI Danbury and if he is called as a witness at trial, he is more likely to be called by defendant than by the Government.  Defense counsel also emphasized that there was only one brief communication between defendant and Pagli, and none with Smith, who is still at FCI Danbury.  Defense counsel also represented that while he is not minimizing these circumstances, that if the Court were to find a violation, then defendant ought to return to the original Release Order, and not be detained.

---

[1] Pagli testified at the March 28, 2014 hearing.  (Dkt. #17).

[2] Defense counsel's objection to these exhibits was overruled.

The AUSA argued in response that Pagli will be a witness at trial, whether called by the Government or by defendant, and that there obviously had been a conversation with Smith, who connected defendant with Pagli.  The AUSA suggested that defendant never intended to comply with the Court's orders and she does not take the conditions of release "seriously."  The AUSA described the events as "extremely troubling," especially when defendant had already been given a "second chance" by the Court.  The AUSA further argued that reimposing the third-party custodians is not sufficient, in that defendant "cannot be trusted."

The USPO agreed that at this point, given her "past history," defendant is "not supervisable."

18 U.S.C. § 3148(b) provides a two-prong test:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –

    (1) finds that there is –

        (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or

        (B) clear and convincing evidence that the person has violated any other condition of release; and

    (2) finds that –

        . . .
        (B) the person is unlikely to abide by any condition or combination of conditions of release.

The government's burden of proof under § 3148(b)(2)(B) is preponderance of the evidence. United States v. Gotti, 794 F.2d 773, 777 (2d Cir. 1986).

The Government has more than adequately met its burden under §§ 3148(b)(1)(B) and 3148(b)(2)(B). Defendant clearly violated the unambiguous language of ¶ 21 of the Release Order by contacting Pagli, who is a "potential witness in the subject investigation or

3

prosecution," and by contacting Smith, who is an employee of FCI Danbury.  She did so, six weeks after the release of the third party custodians, whose functions specifically included "access to defendant's computers, smart phones and all other similar electronic devices to ensure that defendant obeys ¶ 21 of the 3/14/14 [Release] Order."  Defendant can hardly claim that she has been caught off-guard by these events, since these communications were the subject of multiple bond hearings.

However, as indicated at the conclusion of the hearing, this finding is without prejudice to defendant seeking reconsideration of this ruling.  Any new bond proposal <u>must</u> include, once again, round-the-clock third party custodians, and the elimination of all electronic devices in defendant's household (computers, tablets, smart phones, etc.), except for a land line telephone and television.

Therefore, the USPO's Petition for Action on Conditions of Pretrial Release (Dkt. #52) and the Government's oral Motion to Revoke Conditions of Release are hereby **granted, without prejudice to defendant filing a motion for reconsideration**.

Dated at New Haven, Connecticut, this 12th day of November, 2014.

/s/ Joan G. Margolis, USMJ\
Joan G. Margolis\
United States Magistrate Judge